# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ISAAC MARTINEZ,**

**Petitioner,**

**vs.**                                                                  **No. CIV-08-329 MV/LCS**

**ROBERT MAY, Regional
Manager, New Mexico Corrections
Department, Probation and Parole
Division, Region III,**

**Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mr. Martinez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed March 26, 2008. (Doc 1). Petitioner, who is not currently incarcerated, attacks the Order Revoking Conditional Discharge and Imposing Deferred Sentence filed November 30, 2005 in the Sixth Judicial District, Hidalgo County, State of New Mexico. (*See* Doc.1, Ex. 2.) The United States Magistrate Judge, having considered the motion, the briefs, the record, relevant law, and being otherwise fully advised, finds there is no need for an evidentiary hearing and that Petitioner's motion is not well-taken and should be **DENIED**.

### I.  PROCEDURAL HISTORY[1]

1. On December 9, 2003, Petitioner pled *no contest* to two counts of third degree criminal sexual contact of a minor (child under 13) in violation of N.M. STAT. § 30-09-13(A). (Doc. 1 at 1, Doc. 4, Ex. A at 1-2.)  At that time, he was represented by Rita Nunez Neumann. (*Id.*)  Petitioner was sentenced on January 8, 2004.  (Doc. 1 at 2, Doc. 4, Ex. 1 at 1.)  In accordance with the terms and conditions of his plea agreement, Petitioner was released on a conditional discharge with two years on supervised probation.  (*Id.*, Doc. 4, Exs. A-B.)

2. Mr. Martinez did not file a direct appeal.  (Doc. 1 at 2.)  On November 10, 2005, Petitioner admitted to violations of his probation, and the district court entered an Order Revoking Conditional Discharge and Imposing Deferred Sentence on November 30, 2005. (Doc. 1, Ex. 2, Doc. 4, Ex. E.)  As a result, Petitioner received a three year deferred sentence and was ordered to register as a sex offender under the Sex Offender Registration and Notification Act.  (Doc. 1, Ex. 2, Doc. 4, Ex. E.)

3. Again, no direct appeal was taken from this judgment and sentence.  (Doc. 1 at 2.) Mr. Martinez filed a Petition for a Writ of Habeas Corpus with the Sixth Judicial District Court on October 25, 2006.  (Doc. 4, Ex. F.)  The court denied this Petition on January 11, 2007.  (*Id.*, Ex. H.)  Petitioner immediately filed a motion to reconsider, but that was denied on February 12,

---

[1] In short, the relevant chronology is as follows:

November 30, 2005: Order Revoking Conditional Discharge and Imposing Deferred Sentence filed.
December 30, 2005: 30-day deadline for appealing; none taken.
October 25, 2006: Petition for a Writ of Habeas Corpus filed with the Sixth Judicial District Court
January 11, 2007:  Petition for a Writ of Habeas Corpus denied
January 13, 2007: Motion to Reconsider filed
February 8, 2007: Petition for Writ of Certiorari filed with New Mexico Supreme Court
February 12, 2007: Motion to Reconsider denied
April 9, 2007: Petition for Writ of Certiorari denied
March 26, 2008: Federal habeas petition filed

2007. (*Id.*, Exs. I-J.)

4. Petitioner applied for a Writ of Certiorari in the New Mexico Supreme Court on February 8, 2007. (Doc. 4, Ex. K.) The Writ of Certiorari was denied on April 9, 2007. (*Id.*, Ex. M.)

5. Mr. Martinez has completed the terms and conditions of his supervised probation. (Doc. 1 at 2.) Petitioner filed his petition for federal habeas relief in this Court on March 26, 2008. (Doc. 1.) Respondent filed an Answer on April 30, 2008, asserting in part that Mr. Martinez's claims are time barred under AEDPA. (Doc. 4 at 4-5.) Respondent did not argue this time-bar in his motion to dismiss filed on June 9, 2008 (Docs. 8-9), but did assert it in the reply filed on August 11, 2008 (Doc. 11 at 1-2). Petitioner's response to Respondent's motion to dismiss did not address the issue of time-bar. (*See* Doc. 10.)

**II.    ANALYSIS**

6. Mr. Martinez's petition should be dismissed because it is time barred. AEDPA, Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year limitations period for § 2254 petitions. *Pliler v. Ford*, 542 U.S. 225, 230 (2004). AEDPA became effective on April 24, 1996. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999), *cert. denied,* 528 U.S. 1120 (2000). Martinez pled and was sentenced after this date, and so his federal habeas petition is subject to AEDPA's one-year limitation period.

7. Under AEDPA, state prisoners may ordinarily petition for federal habeas corpus relief within one year from the date on which their convictions become final. *Duncan v. Walker*, 533 U.S. 167, 185 (2001) (citing 28 U.S.C. § 2244(d)(1) 1994 ed. Supp. V). A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such

review . . . ." § 2244(d)(1)(A).

8. The AEDPA one-year limitation period is subject to the tolling as set forth in 28 U.S.C. § 2244(d)(2): "[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Tenth Circuit has determined that the pendency of a state post-conviction application "encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies. . . ." *Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004) (citation omitted).

9. Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure provides that parties must file an appeal within 30 days of a state district court's judgment. *Holloway v. Hatch*, 250 F. App'x 899, 900 (10th Cir. Oct. 12, 2007). Thus, Martinez's judgment became final on December 30, 2005, thirty days after he could have appealed the Order Revoking Conditional Discharge and Imposing Deferred Sentence entered on November 30, 2005. The court's judgment became final on December 30, 2005, and Martinez then had one year from January 2, 2006 in which to file his federal habeas petition, subject to tolling.

10. By the time Mr. Martinez filed his petition for writ of habeas corpus in state court on October 25, 2006, 295 days had run. While the court had Mr. Martinez's petition under advisement, the one year time limit was tolled. *See* 28 U.S.C. § 2244(d)(2). The time limit was also tolled during the period in which the district court was considering Petitioner's motion to

reconsider and in which the New Mexico Supreme Court had the Petition for Writ of Certiorari under advisement. The New Mexico Supreme Court denied the petition on April 9, 2007, and the one year time limit countdown resumed with day 296 on April 10, 2007. AEDPA's one year time limit expired on June 18, 2007. Mr. Martinez filed his federal petition for writ of habeas corpus on March 26, 2008, almost one year after the statute of limitations ran. Accordingly, the Court finds that his federal habeas petition is untimely and barred by the AEDPA limitations period.

11.   While the State failed to raise the issue of the statute of limitations in its motion to dismiss, the State has not waived this affirmative defense. "Congress expressly provided that '[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.'" *Day v. McDonough*, 547 U.S. 198, 206 n.4 (2006) (citing 28 U.S.C. § 2254(b)(3)). Moreover, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Id.* at 209.

12.   In "rare and exceptional circumstances[,]" the Court is allowed to toll the limitations period. *See York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003) (recognizing equitable tolling only in "rare and exceptional circumstances.") Such equitable tolling is available only where an inmate "diligently pursued his claims and demonstrated that the failure to timely file was caused by extraordinary circumstances beyond his control . . . ." *Boyd v. Ward*, 56 F. App'x 849, 851 (10th Cir. Dec. 12, 2002), *cert. denied,* 539 U.S. 917 (2003)). If he so chooses, Mr. Martinez may address whether equitable tolling is appropriate in this case in his objections to this Recommended Disposition. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998).

### III.     RECOMMENDATION

Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I recommend that Mr. Martinez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                       **LESLIE C. SMITH**
                                       **UNITED STATES MAGISTRATE JUDGE**