IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAAC MARTINEZ,

    Petitioner,

v.                                      CV 08-0329 MV/WPL

ROBERT MAY, REGIONAL MANAGER,
NEW MEXICO CORRECTIONS DEPARTMENT,
PROBATION AND PAROLE DIVISION, REGION III,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Isaac Martinez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Respondent's motion and memorandum to dismiss and the response and reply thereto, as well as the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD) and Martinez's objections to the PFRD. For the reasons that follow, the Court will dismiss the habeas petition without prejudice for lack of subject matter jurisdiction.

### PROCEDURAL BACKGROUND

Martinez pled no contest to two counts of third-degree criminal sexual contact of a minor. (Doc. 4 Ex. A.) In exchange for the plea of no contest, the State of New Mexico dismissed two other counts of criminal sexual contact of a minor, one count of attempted criminal sexual contact of a minor, and two counts of criminal sexual penetration. (*Id.* Ex. B.) In addition, the State agreed that Martinez would receive a conditional discharge with two years of supervised probation and counseling or treatment at the discretion of probation authorities. (*Id.*)

On November 30, 2005, the state trial court revoked the conditional discharge upon Martinez's admission that he violated certain terms of his probation. (*Id.* Ex. D, E.) The court imposed a deferred sentence and placed Martinez on supervised probation for three years. (Doc. 1

Ex. 2.) Through counsel, Martinez filed a state habeas petition on October 25, 2006. (Doc. 4 Ex. F.) The trial court denied the petition, and the New Mexico Supreme Court denied certiorari on April 9, 2007. (*Id.* Ex. H, J, M.)

Martinez's attorney filed a federal habeas petition on March 26, 2008, contending that Martinez's trial counsel was ineffective because she advised him to plead no contest even though he was actually innocent. (Doc. 1.) The petition states, "As of the date of this filing, Mr. Martinez has completed his term of supervised probation." (*Id.* at 2.) Nevertheless, counsel asserted that Martinez meets the "in custody" requirement for jurisdiction under 28 U.S.C. § 2254 because he must register as a sex offender pursuant to the New Mexico Sex Offender Registration and Notification Act (SORNA).

Respondent filed a motion to dismiss, arguing that Martinez is not in custody. After a response and reply were filed, the magistrate judge recommended that the petition be denied as untimely, without addressing the jurisdictional issue. Martinez filed objections to the PFRD, challenging the magistrate judge's conclusion that the petition was untimely and arguing that even if the petition was untimely, equitable tolling should apply because he is actually innocent.

## DISCUSSION

This Court may grant a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court" if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "It is well established that the 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008) (internal punctuation omitted).

Although the Tenth Circuit has not spoken on the issue, all the courts that have addressed

it have concluded that mandatory registration as a sex offender does not amount to custody for purposes of § 2254. *See Virsnieks v. Smith*, 521 F.3d 707, 717-20 (7th Cir.) (Wisconsin statute), *cert. denied*, 2008 WL 2463812 (Oct. 6, 2008); *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (Ohio statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon statute); *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999) (California statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1182-85 (9th Cir. 1998) (Washington statute); *Bush v. United States*, No. 2:08-CV-163 TS, 2008 WL 732698, at *4 (D. Utah March 17, 2008) (California statute); *Davis v. Nassau County*, 524 F. Supp. 2d 182, 187-88 (E.D.N.Y. 2007) (New York and Oklahoma statutes (and citing cases from other jurisdictions)).

These courts reasoned that the registration statutes in question have a negligible effect on freedom of movement and are nonpunitive. *See Virsnieks*, 521 F.3d at 718-20; *Leslie*, 296 F.3d at 522-23; *Williamson*, 151 F.3d at 1183-84. Similarly, New Mexico's SORNA does not limit where Martinez can live or travel, *see* N.M. STAT. ANN. §§ 29-11A-1 to 29-11A-10, and it is nonpunitive, *see State v. Druktenis*, 86 P.3d 1050, 1060 (N.M. Ct. App. 2004).

Additional support for the conclusion that registration as a sex offender does not constitute custody can be found in decisions by the Supreme Court and the Tenth Circuit. The Supreme Court has noted that although it has "very liberally construed the 'in custody' requirement," it has "never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The Tenth Circuit has held that the payment of restitution or a fine "is not the sort of significant restraint on liberty contemplated in the custody requirement." *Erlandson*, 528 F.3d at 788 (internal punctuation and citation omitted). The circuit held in an unpublished case that suspension or revocation of a driver's license does not amount to custody, nor does an arrest warrant for refusal to pay a fine. *Jones v. Grant*, 5 F. App'x 836, 838

(10th Cir. 2001); *see also Williamson*, 151 F.3d at 1184 ("Certainly, the loss of a driver's license amounts to a much greater limitation on one's freedom of movement than does the Washington sex offender law, but the former does not satisfy the 'in custody' requirement either.").

Martinez contends that collateral consequences flowing from his conviction are sufficient to present a case or controversy. To support this contention, he cites three cases in which courts grappled with whether habeas petitions were rendered moot by the petitioners' release from incarceration while the petitions were pending. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Braun v. Gallegos*, 58 F. App'x 781, 782 (10th Cir. 2002). These cases are all distinguishable because, unlike Martinez, the petitioners were incarcerated when they filed their federal habeas petitions. *See Spencer*, 523 U.S. at 7; *Carafas*, 391 U.S. at 236; *Braun*, 58 F. App'x at 782 n.1.

Rather than supporting Martinez's contention, *Carafas* actually supports the opposite conclusion. As the Court explained in *Maleng*:

> In *Carafas*, the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court. The State argued that the unconditional discharge rendered the case moot. We rejected this argument, holding that the "collateral consequences" of the petitioner's conviction—his inability to vote, engage in certain businesses, hold public office, or serve as a juror—prevented the case from being moot. We went on to say, however, that the unconditional release raised a "substantial issue" as to the statutory "in custody" requirement. While we ultimately found that requirement satisfied as well, we rested that holding *not* on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

490 U.S. at 491-92 (internal citations omitted).

Martinez acknowledges that his term of supervised probation expired before he filed his federal habeas petition and he relies solely on the registration requirement to establish that he was "in custody" as that word is used in 28 U.S.C. § 2254. Based on the authorities discussed above, the registration requirement does not constitute custody. Accordingly, Respondent's motion to dismiss is GRANTED.[1]

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although Respondent requests a dismissal with prejudice, the cause will be dismissed without prejudice because the Court lacks subject matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216, 1218 (10th Cir. 2006).